■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVIE R. THOMPSON, Appellant. [604 NYS2d 1007] —Crew III, J. Appeal from a judgment of the County Court of Albany County (Keegan, J.), rendered July 2, 1992, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the third degree.

On November 26, 1991 defendant sold a packet of cocaine to a paid informant. The informant was fitted with a "body wire" and the transaction was tape recorded. The packet was thereafter sent to the State Police Laboratory where it was eventually tested as positive for cocaine. Defendant was subsequently tried for and convicted of the crime of criminal sale of a controlled substance in the third degree and sentenced to an indeterminate term of imprisonment of not less than 12½ nor more than 25 years.

At the time of trial the chemist who tested the packet was unavailable to testify due to the fact that she was recuperating from surgery. Consequently, a certified copy of her laboratory report was introduced in evidence under the business entry exception to the hearsay rule (see, CPLR 4518 [a]). On this appeal defendant urges reversal on the ground that he was denied his constitutional right of confrontation. However, at the time the report was offered, defense counsel made no objection and the issue is therefore not preserved for our review (see, CPL 470.05 [2]).

Defendant next contends that there must be a reversal by reason of a Rosario violation (see, People v Ranghelle, 69 NY2d 56). It appears that upon cross-examination, the confi-

dential informant testified that he believed that the Assistant District Attorney had taken notes during his interview with her. However, the record reflects that the Assistant District Attorney proffered her entire file to the trial court, who made a determination that no such notes existed and, consequently, no such error occurred (see, People v Boyer, 65 AD2d 840, 842, lv denied 46 NY2d 914).

Finally, we find no merit in defendant's contention that failure to furnish him with a copy of a material witness order constituted a Rosario violation.

Weiss, P. J., Mercure and White, JJ., concur. Ordered that the judgment is affirmed.